**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES -- GENERAL**

Case No.     **ED CV 23-31-JFW(KKx)**                              Date:  February 15, 2023

Title:     Felisa Todd -v- Rocket Mortgage, LLC, et al.

---

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO SAN BERNARDINO SUPERIOR COURT**

     On October 24, 2022, Plaintiff Felisa Todd ("Plaintiff") filed a Complaint against Defendants Rocket Mortgage, LLC ("Rocket Mortgage") and Clear Recon Corp. ("("Clear Recon") (collectively, "Defendants") in San Bernardino Superior Court, alleging causes of action for: (1) violation of California Civil Code § 2923.5; (2) negligence; (3) violation of California Business & Professions Code § 17200; and (4) quiet title.  On January 9, 2023, Rocket Mortgage filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Rocket Mortgage bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In its Notice of Removal, Rocket Mortgage alleges that Plaintiff  is a resident of California.  Notice of Removal, ¶ 7.  However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be

domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  As a result, Rocket Mortgage has failed to allege the citizenship of Plaintiff.

In addition, Rocket Mortgage alleges in the Notice of Removal that the citizenship of Clear Recon, a corporation existing under the laws of the State of California, is irrelevant to the diversity analysis because Clear Recon, as the trustee of the Deed of Trust encumbering the property at issue in this action, is a nominal defendant.  Rocket Mortgage is correct that "courts should 'ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'"  *Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, *3 (C.D. Cal. June 16, 2011) (*citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir.2000)); *Wise*, 2011 WL 1466153 at *4 (holding that an "exception to the complete diversity requirement applies to nominal parties. 'Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder'") (*quoting Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1133 (9th Cir. 2002)); *see also Daniels v. Wells Fargo Bank, N.A.*, 2012 WL 10649202, *4 (C.D. Cal. Sept. 11, 2012) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy")). Moreover, California Civil Code § 2924*l* permits a trustee to file a declaration of non-monetary status if it is named in an action concerning a deed of trust, and it has a reasonable belief that it has been named solely in its capacity as trustee, and not as a result of any wrongful acts or omissions in the performance of its duties.  If no objection is served within fifteen days of the date of the declaration being served, the trustee is not required to participate in the action and is not subject to any damages award.  Cal. Civ. Code § 2924l (c), (d).  "District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes," so long as the fifteen-day period for objections passed prior to removal of the action to federal court and no timely objection was filed.  *Silva*, 2011 WL 2437514 at *4; *see Chancellor v. OneWest Bank*, 2012 WL 3834951, *2 (N.D. Cal. Sept.4, 2012) (concluding that a defendant trustee was "no longer considered a party to this action" where it filed a declaration of non-monetary status in Alameda Superior Court more than fifteen days prior to removal and no objection was asserted).

In this case, there is no evidence in the record that Clear Recon filed a declaration of non-monetary status in San Bernardino Superior Court at least fifteen days prior to Rocket Mortgage's removal.  To the contrary, it appears that Clear Recon filed a Declaration of Non-Monetary Status on January 6, 2023, a mere three days before Rocket Mortgage filed its Notice of Removal. However, because "[r]emoving [d]efendants must show that diversity of citizenship existed at the time of removal" (*Silva*, 2011 WL 2437514 at *4), and a party filing a declaration of non-monetary status does not become a nominal party until fifteen days have passed without objection by plaintiffs, Rocket Mortgage has failed to demonstrate that Clear Recon is a nominal party and its citizenship is irrelevant for diversity purposed based on Clear Recon's filing of a Declaration of Non-Monetary Status three days before the Notice of Removal was filed.  *See, e.g., Silva*, 2011 WL 2437514 at *4 ("Here, Removing Defendants filed their notice of removal before the 15 days had passed . . .  Thus, at the time of removal, Cal–Western had not yet become a nominal party by virtue of its declaration of non-monetary status.  Removing Defendants must show that diversity of citizenship existed at the time of removal.  At the time of removal, the declaration of non-monetary status had not rendered Cal–Western a nominal party whose citizenship was irrelevant for diversity

purposes" (citations omitted)); *Wise*, 2011 WL 1466153 at *4 ("Here, Defendant alleges that as trustee, Wolf Firm is a nominal defendant to this action because it filed a statement of non-monetary status pursuant to California Civil Code § 2924l on March 18, 2011 . . . In this case, Wolf Firm had not attained nominal party status at the time of removal.  As noted above, a party gains non-monetary status and is transformed into a nominal party only if no objection is served within the 15–day objection period.  Cal. Civ. Code § 2924l.  Sun Trust removed this action to federal court on March 22, 2011, approximately 4 days after Wolf Firm filed its Declaration of Non–Monetary Status and 11 days before the objection period expired.  Accordingly, at the time of removal, Wolf Firm had not yet attained non-monetary status and was not yet a nominal party for purposes of diversity jurisdiction.  Because the Court has found that Wolf Firm . . . was not a nominal party at the time of removal, its presence in this action prevented removal based on diversity jurisdiction.  Accordingly, the Court finds that diversity jurisdiction was not a proper basis for removal of this action to federal court"); *Sun v. Bank of America Corp.*, 2010 WL 454720, *2–3 (C.D. Cal. Feb. 8, 2010) ("Defendants argue that because ReconTrust filed a Declaration of Non-monetary Status with the state court on December 22, ReconTrust is a nominal party and its citizenship should not be considered for diversity.  The Court disagrees.  Federal diversity jurisdiction must exist 'as of the time the complaint is filed and removal is effected.'  *See id.; see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.1998) (diversity must exist when action is removed).  At the time of removal, ReconTrust had not attained nominal party status.  A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection.  Cal. Civ. Code § 2924l (d), *see also Kang v. Bank of Am. Home Loans Servicing, LP*, No. 09–8890 (C.D. Cal. Jan. 5, 2010) (order denying reconsideration).  Here, Defendants removed the action to federal court on January 4, only 13 days after ReconTrust filed its Declaration of Non–Monetary Status on December 22.  Thus, at the time of removal ReconTrust did not have nominal status.  The nominal party status exception does not apply").

Furthermore, despite Rocket Mortgage's argument to the contrary, Clear Recon's "status as a trustee is not itself sufficient to render it a nominal party." *Natividad v. Ocwen Loan Servicing, LLC*, 2014 WL 6611054, *4 (E.D. Cal. Nov.19, 2014) (*citing Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955, * 3 (S.D. Cal. Aug.9, 2011)).  Although Rocket Mortgage contends in the Notice of Removal that Plaintiff's Complaint contains no substantive allegations against Clear Recon, the Court disagrees.  Plaintiff's Complaint includes substantive allegations against Clear Recon.  Plaintiff alleges all causes of action against both Rocket Mortgage and Clear Recon jointly as "defendants" and seeks damages against both Rocket Mortgage and Clear Recon.  For example, Plaintiff alleges that Defendants jointly "engaged in a campaign of misinformation and undermined California's housing security . . . by taking steps toward foreclosure against California homeowners, such as Plaintiff" Complaint, ¶ 23.  In addition, Plaintiff alleges that Defendants violated California Civil Code §§ 2923.55 by attaching a "patently false" declaration of due diligence to the Notice of Default recorded against her property.  Complaint, ¶¶ 26-28.  Plaintiff alleges that the declaration of due diligence is false because neither of the Defendants "contacted Plaintiff by telephone or in person, as required by code, assessed Plaintiff's finances, or explored all non-foreclosure options other than a COVID-related forbearance that was denied on extension," despite the fact that she had submitted a police report demonstrating that the loan against her property had been obtained as a result of identity theft.  Complaint, ¶ 28.  Plaintiff also alleges that "Defendants breached their duty of due care owed to Plaintiff to investigate her fraud claims" and "breached their duty of due care owed to Plaintiff by failing to . . . first identify the validity of the individual taking out the Loan, by

failing to look into the validity of the Loan and investigate Plaintiff's claims of fraud against her sister so as to mitigate damages." Complaint, ¶¶ 62 and 64. In addition, Plaintiff alleges that Clear Recon's "conduct of signing off on a patently false declaration of due diligence was negligent." Complaint, ¶ 65. Courts have consistently found similar allegations sufficient to demonstrate that a trustee is not a nominal party and that its citizenship must be considered in ascertaining whether diversity jurisdiction exists. *See, e.g., Alabastro*, 2015 WL 138235 at *3 & n. 2 (concluding that "the allegations in the Complaint are sufficient to preclude a finding that Cal–Western should be disregarded from the jurisdictional analysis as a nominal party" where the complaint's "factual allegations, when taken as whole, imply that Cal–Western may have conspired with other defendants to improperly or fraudulently initiate foreclosure proceedings against the Milpitas property); *Raissian v. Quality Loan Service Corp.*, 2014 WL 6606802, *4 (C.D. Cal. Nov. 19, 2014) ("Quality cannot be deemed a nominal defendant because the Complaint clearly demonstrates it is not a mere stakeholder. This is because a court need not regard a trustee as a nominal party where the complaint pleads substantive allegations against and seeks money damages from the trustee. Plaintiff's Complaint alleges a claim under California Civil Code section 2923.55 against both SPS and Quality. Under the statute, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default until the mortgage servicer sends certain information and documentation to the borrower as required by subdivision (b)(1) . . . Plaintiff alleges he did not receive any of the required documents. Plaintiff also alleges SPS and Quality nevertheless recorded a notice of default on the subject property"); *Pardo v. Sage Point Lender Services LLC*, 2014 WL 3503095, *3–4 (S.D. Cal. July 14, 2014) ("The Court concludes that Defendants have not met their heavy burden of establishing that Sage Point is a nominal defendant with no real interest in this lawsuit. First, Sage Point's status as trustee is only determinative if Sage Point is being sued solely in its role as trustee and 'merely to perform [a] ministerial act.' There is no rule that a party's status as a trustee renders him or her a nominal party . . . Second, Plaintiff is actually suing Sage Point for wrongdoing, not merely as a formal party in order to facilitate collection. Plaintiff notes at the outset of his Complaint that the four defendants would be 'collectively referred to as Defendant,' and Sage Point, along with RCS's other unnamed agents, would be 'collectively referred to as Defendants.' Plaintiff makes several allegations against Defendants collectively. For example, Plaintiff alleges that Defendants have 'purposefully and willfully harassed Plaintiff' by 'trespassing' and putting the house up for sale, despite him qualifying for a loan modification"). As a result, the Court concludes that Rocket Mortgage has failed to meet the burden of establishing that diversity jurisdiction exists. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Accordingly, this action is **REMANDED** to San Bernardino Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.